IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-00623-BNB

JAMES G. CAPADONA,

    Plaintiff,

v.

FEDERAL DETENTION CENTER – ENGLEWOOD,
WARDEN W. A. SHERROD, and
JAIL ADMINISTRATOR J. BUTLER,

    Defendants.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAY 1 1 2007

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE SECOND AMENDED COMPLAINT

Plaintiff, James G. Capadona, is a prisoner in the custody of the United States Bureau of Prisons who currently is incarcerated at the Federal Detention Center in Englewood, Colorado. Mr. Capadona has filed *pro se* an amended civil rights complaint pursuant to ***Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics***, 403 U.S. 388 (1971), and 28 U.S.C. § 1331 (1993), in which he complains about the loss of legal and personal property on two separate occasions. He asks for injunctive relief and money damages. He also requests the appointment of counsel to represent him.

The Court must construe the amended complaint liberally because Mr. Capadona is representing himself. See ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. ***Hall***, 935 F.2d at 1110. The Court has reviewed the amended complaint and has determined that it is deficient. For the

reasons stated below, Mr. Capadona will be ordered to file a second amended complaint.

Mr. Capadona may not sue the Federal Detention Center in a *Bivens* action. The United States, as sovereign, is immune from suit unless it expressly consents to be sued. *United States v. Testan*, 424 U.S. 392, 399 (1976); *Bivens*, 403 U.S. at 410; *Ascot Dinner Theatre, Ltd. v. Small Business Admin.*, 887 F.2d 1024, 1027 (10th Cir. 1989). The United States is immune from a *Bivens* claim for money damages. *FDIC v. Meyer*, 510 U.S. 471, 486 (1994); *Chapoose v. Hodel*, 831 F.2d 931, 935 (10th Cir. 1987).

Mr. Capadona fails to allege the personal participation of each named defendant. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, the plaintiff must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant, such as the detention center warden or administrator, may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). Supervisor liability requires either personal direction or actual knowledge of and acquiescence in the alleged constitutional violation. *See Woodward v. City of Worland*, 977 F.2d 1392, 1400 (10th Cir. 1992); *Meade v.*

2

*Grubbs*, 841 F.2d 1512, 1528 (10th Cir. 1988). Mr. Capadona may use fictitious names, such as "John and Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Capadona uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified. Accordingly, it is

ORDERED that Mr. Capadona **within thirty (30) days from the date of this order** file a second amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint" and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Capadona, together with a copy of this order, two copies of the following form for use in filing the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Capadona submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that if Mr. Capadona fails to comply with this order to the Court's satisfaction within the time allowed , the amended complaint and the action will be dismissed without further notice.

DATED May 11, 2007, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No.  07-cv-00623-BNB

James G. Capadona
Reg. No. 03571-090
Federal Detention Center
9595 W. Quincy Ave.
Littleton, CO 80123

    I hereby certify that I have mailed a copy of the **ORDER and two copies of Prisoner Complaint** to the above-named individuals on 5/11/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk